LOUIS GLUCKSMAN, Respondent, *v.* THE BOARD OF EDU-
CATION OF THE CITY OF NEW YORK, Appellant.

(*Supreme Court, Appellate Term, First Department, December,*
*1917.*)

Greater New York Charter, § 1543 — power of board of education to
make ratable deductions from salaries of teachers in city schools —
schools — actions.

Under section 1543 of the Greater New York Charter the board of education of the city of New York has power to make ratable deductions from the salaries of teachers in the city schools on account of absence from duty without leave, and section 65(3) of the by-laws of said board provides that " one twenty-fifth of a month's salary shall be deducted for every day of absence on the part of a * * * teacher unless such * * * teacher is excused for adequate cause, in accordance with these by-laws; but the aggregate deductions in any one month shall not exceed the salary for that month." *Held,* that where plaintiff's assignor, a teacher in one of said schools at a salary of $1,200 per annum, was absent without leave for eleven actual days included in the period from October 15 to

October 29, 1915, inclusive, a deduction of $44 from her salary for said month was a "ratable deduction" and no action will lie to recover the amount so deducted.

The said board of education acted within its powers when it provided that if a teacher absent herself from service on the days when she is or may be required to work she should not be compensated for the days on which she is expected to rest from that work.

APPEAL by defendant from a judgment of the Municipal Court of the city of New York, borough of Manhattan, second district, in favor of plaintiff after a trial by the court without a jury.

Lamar Hardy (Terence Farley, Charles McIntyre, of counsel), for appellant.

Arthur C. Mandel, for respondent.

ORDWAY, J.  Apparently this is a test case, indirectly involving a very large amount of money. Plaintiff's assignor, a teacher in the public schools of New York city, was absent without leave for the eleven actual school days included in the period from October 15 to October 29, 1915, inclusive. As that year was her eleventh year of service, she was entitled under the charter and the defendant's schedule to be paid at the rate of $1,200 per annum. Section 1543 of the charter provides that " * * * Every head of department [which concededly includes the board of education] is empowered to make ratable deductions from the salaries and wages of the employees and subordinates of his department or office on account of absences from duty without leave." Section 65, subdivision 3, of defendant's by-laws provides that " one twenty-fifth of a month's salary shall be deducted for every day of absence on the part of a * * * teacher, unless such * * * teacher is excused for adequate cause, in accordance with these by-laws; but the aggregate deductions

in any one month shall not exceed the salary for that month.'' The defendant deducted forty-four dollars from the salary of the plaintiff's assignor for the month of October, 1915, and plaintiff, as her assignee, seeks to recover that amount on the ground that the deduction was not '' ratable.'' The case was submitted on an agreed statement of facts and the learned trial justice held that only one-three hundred and sixty-fifth of the yearly salary could be deducted for each actual school day of absence without leave, and awarded judgment in favor of the plaintiff for the difference between the forty-four dollars deducted and eleven-three hundred and sixty-fifths of one thousand two hundred dollars, or thirty-six dollars and sixteen cents, amounting to seven dollars and eighty-four cents, from which judgment defendant appeals.

The question is what is a '' ratable deduction.'' Ratable means proportional, in due proportion, and the deductions should be in due, *i. e.,* the same, proportion to the salary that the time of absence from duty without leave bears to the entire time of duty. It is not correct, therefore, to calculate, as the learned trial justice has done, the time of absence from duty in this case as the number of actual school days which the teacher was absent, viz., October fifteenth, eighteenth, nineteenth, twentieth, twenty-first, twenty-second, twenty-fifth, twenty-sixth, twenty-seventh, twenty-eighth, twenty-ninth, or eleven days, and the entire time of duty for that period as every day from the fifteenth to the twenty-ninth of October inclusive, or fifteen days. The time of absence from duty must be calculated on the same basis as the entire time of duty. Otherwise, we should have this result: If a teacher was absent without leave for the entire school year, only about one hundred and ninety-five-three hundred and sixty-fifths of her annual salary could be deducted, as there are

only about 195 actual school days in any calendar year, and, on the theory of this judgment, she would receive about $560 for no work at all, and there would only be deducted from her salary about $640, which is not a ratable deduction.

The by-law complained of recognizes this situation, and while perhaps not mathematically accurate does make a substantially proportionate deduction for absence without leave, that is, a deduction bearing a reasonable relation to the proportionate absence from duty with reference to the entire period of duty. The by-law is evidently based on the theory that there are about 300 days during the year during which teachers may be, although in fact not ordinarily, called upon to work. This figure of 300 possible working days in the year is arrived at by deducting Sundays and legal holidays from the 365 days in the year, and conforms to the custom of the state and city departments in multiplying the salary or wages of *per diem* employees by 300 in order to ascertain their comparative salary grade with reference to employees paid an annual salary, for the purpose of administering the civil service laws. In my opinion, this is a reasonable basis on which to make ratable deductions for absence without leave, and if not precisely accurate in a mathematical sense is substantially so. In each month there is a fraction over thirty days, a fraction over four Sundays and an average of about one legal holiday; deducting the Sundays and legal holidays leave about twenty-five days in each month as possible working days. If a teacher is absent without leave one or more of those working days on which she is called on to work, a deduction of one-twenty-fifth of her monthly salary for each day of absence is fair and reasonable and must be held to be a ratable deduction. Plaintiff loses sight of the fact that the salary is paid for six days' active service

and for one day's rest (on the Sabbath) *from the labors of the previous week.* If a teacher chooses to absent himself without leave from the labors of the six working days, he is not entitled to compensation for the day when he is supposed to be recuperating from those labors and thus to prepare himself for the active service of the ensuing week. It might perhaps be equally correct to say that for each of the six working days he is entitled to one-sixth of the week's proportion of his salary.

At all events, the board of education seems to me to have acted well within its powers when it provided that if a teacher absent himself from service on the days when he is or may be required to work he should not be compensated for the days on which he is expected to rest from that work.

Judgment reversed, without costs of appeal to either party, and complaint dismissed upon the merits, with costs.

BIJUR and PHILBIN, JJ., concur.

Judgment reversed, without costs.